UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

J. CLAUDEL CAYEMITTES,

                Plaintiff,

   - against-

THE CITY OF NEW YORK DEPARTMENT
OF HOUSING PRESERVATION AND
DEVELOPMENT, et al.,

                Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER
10 Civ. 8486 (GBD) (THK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 09 2012

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff J. Claudel Cayemittes, an African American of Haitian descent, brings this action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 200e et seq. ("Title VII"), against the City of New York Department of Housing Preservation and Development ("HPD"), Michael Bosnick, Luiz Aragon, William Carbine, and John Griffin, individuals who held supervisory positions at HPD (collectively, "Defendants"), alleging unlawful retaliation, discrimination, and hostile work environment based on his race, color, and national origin. Plaintiff also asserts a claim for intentional infliction of emotional distress. (See Pl.'s Amended Complaint, Jan. 10, 2011, passim.) Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    This Court referred the matter to Magistrate Judge Theodore H. Katz for a Report and Recommendation ("Report"). Magistrate Judge Katz issued a Report recommending that defendants' motion be granted with respect to all of plaintiff's claims, except for his claim that in

1

September 2008 he was transferred to the Division of Alternative Management ("DAMP") in retaliation for filing EEO complaint.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Both parties filed objections to Magistrate Judge Katz's Report. Defendants object only to Magistrate Judge Katz's conclusion that plaintiff's retaliation claim based on his September 2008 transfer was sufficiently alleged. Plaintiff objects to the Report, contending that his emotional distress, pre-February 8, 2008 retaliation, discrimination, and hostile work environment claims were sufficiently alleged. Both parties' objections are without merit. This Court adopts the Report's recommendation in its entirety.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss will be granted if the Complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Chase Group Alliance LLC v. City of New York Dep't of Finance, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotations and citations omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order for a claim to be plausible on its face, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ascroft v. Iqbal, 556 U.S. 662 (2009). A complaint in an employment discrimination case, such as this one, need not allege specific facts that establish a prima facie case of discrimination. See Twombly, 550 U.S. at 547 (affirming the standard of Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

When deciding a motion to dismiss, the Court is generally limited to reviewing the allegations set forth in the complaint and the documents attached to it or incorporated in it by reference. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-55 (2d Cir. 2002). However, the Court, in an effort to afford pro se plaintiff the greatest latitude in stating a claim for relief, has also considered the facts asserted in plaintiff's response to defendants' motion to dismiss. Cf. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." (internal quotations and citations omitted)).

## EMOTIONAL DISTRESS CLAIM

Magistrate Judge Katz properly concluded that plaintiff's emotional distress claim must be dismissed. Under to New York Municipal Law § 50-e, notice of claim is a condition precedent to bringing a personal injury action against a municipal corporation. See Parise v. New York City Dep't of Sanitation, 306 Fed. App'x 695, 697 (2d Cir. 2009); O'Brien v. City of Syracuse, 54 N.Y.2d 353, 358 (1981). This rule applies to state law tort claims filed in federal court. See Parise, 306 Fed. App'x at 697. Here, plaintiff concedes that he failed to file a notice of claim with the City of New York, the relevant municipality in an action against the HPD. Plaintiff contends that the filing requirements are inapplicable to this action because he was subject to continuing violations which made "proper assessment of injury for a notice of claims difficult at any point until the violations have stopped." (Pl.'s Objections, 17, Nov. 29, 2011). This argument fails. It is well-settled that "the continuing violation doctrine would only excuse the *late* filing of a notice of claim, not failure to file *any* such notice." Henneberger v. County of Nassau, 465 F. Supp. 2d 176, 200 (E.D.N.Y. 2006). Plaintiff failed to file *any* notice of claim. Accordingly, plaintiff's emotional distress claim must be dismissed.

## TITLE VII CLAIMS

### Plaintiff's Title VII Claims Against Individual Defendants

Magistrate Judge Katz properly concluded that plaintiff's Title VII claims must be dismissed as to the individuals named as defendants. Title VII does not provide for personal liability, even for claims against individuals in a supervisory role. See Speigel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010) ("[T]he remedial provisions of Title VII . . . do not provide for individual liability."). Plaintiff's Title VII claims against all individually named defendants are therefore dismissed.

4

### Plaintiff's Title VII Claims Pre-Dating February 5, 2008

Plaintiff's Title VII claims regarding events pre-dating February 5, 2008 are dismissed as time-barred. Prior to filing a federal action under Title VII, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). In New York, the filing period has been extended to 300 days. See Lewis v. NYCTA, 126 Fed. App'x 20, 21 (2d Cir. 2005) ("'To sustain a claim for unlawful discrimination under Title VII . . ., a plaintiff must file administrative charges with the [EEOC] within 300 days of the alleged discriminatory acts.'" (quoting Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000) (citing 42 U.S.C. § 2000e-5(e)(1))). Here, plaintiff's most recent EEOC complaint is dated November 12, 2008. Applying New York's filing rule, plaintiff's claims relating to allegedly retaliatory or discriminatory acts that took place prior to February 5, 2008 are accordingly dismissed as time-barred. These allegations included denials of promotions, denials of raises, detrimental transfers, arguments with supervisors, perceived slights, and vague claims of unfair treatment.[1] They also include plaintiff's allegations that he was subject to racially discriminatory comments and conduct prior to February 5, 2008. (See Pl.'s Am. Compl. ¶¶ 20, 21, 64, 106). Magistrate Judge Katz correctly determined that all of plaintiff's Title VII claims prior to February 5, 2008 must be dismissed as untimely.

---

[1] Plaintiff argues that "all of [p]laintiff's retaliation claims are rendered timely as continuing violations that were part of a policy." (Pl.'s Objections, 19, Nov. 29, 2011). This argument fails. Discrete instances of retaliatory action, such as termination, failure to promote, refusal to hire, or denial of transfer, do not constitute a "policy" and do not trigger the continuing violation doctrine. See Valtchev v. City of New York, 400 Fed. App'x 586, 588-89 (2d Cir. 2010) ("The continuing violation doctrine applies to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists."). Accordingly, plaintiff's retaliation claims relating to acts that took place before February 5, 2008 must be dismissed.

## Plaintiff's Hostile Work Environment Claim Under Title VII

Magistrate Judge Katz properly concluded that plaintiff did not properly assert a hostile work environment claim in his amended complaint. "When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." National RR Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002) (internal citation omitted). To establish hostile work environment claim, plaintiff must allege incidents that are "more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Holtz v. Rockefeller & Co., 258 F.3d 62, 75 (2d Cir. 2001). Plaintiff's amended complaint describes a continuous series of complaints, arguments, and disagreements between plaintiff and his supervisors. Plaintiff alleges that his employers "displayed a generally superior attitude towards the Black employees, and had a hostile disposition toward Blacks," but offers few specific instances in support of his allegation. (Am. Compl. ¶ 21). Plaintiff claims his supervisors "portrayed a racially stereotypical caricature of [plaintiff] in retaliation and because of his race, color and national origin," (Id. ¶ 39), and also alleges an instance in which plaintiff felt that his supervisors criticized his foreign accent. (See id. ¶106). Plaintiff's allegations are vague and isolated, and do not sufficiently set forth a claim of hostile work environment. See La Grande v. DeCrescente Distributing Co., Inc., 370 Fed. App'x 206, 210 (2d Cir. 2010) ("Ordinarily, a race-based hostile work environment claim must involve more than a few isolated incidents of racial enmity"). Accordingly, plaintiff's hostile work environment claim must be dismissed.[2]

---

[2] Additionally, any hostile work environment claim asserted by plaintiff would be time-barred under 42 U.S.C.§ 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1). See supra pp. 4-5. The only plausibly racially charged conduct or

### Plaintiff's Racial and National Origin Discrimination Claims Under Title VII

Magistrate Judge Katz properly concluded that plaintiff has not alleged facts from which the court can infer he suffered discrimination during his employment on or after February 5, 2008. Title VII expressly prohibits employers from discriminating on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts from which the court can infer: (1) that the plaintiff suffered discrimination; (2) that the discrimination resulted in an adverse employment action being taken against the plaintiff; and (3) that the adverse employment action took place under circumstances from which one can infer discrimination based on membership in a protected class. See La Grande, 370 F. App'x at 211. A pleading that consists solely of "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" is not sufficient. Twombly, 550 U.S. at 557. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. 662 (quoting Twombly, 550 U.S. at 557). Here, plaintiff has not alleged any facts in his complaint or response to the motion that suggest that his complained of transfer and demotion to DAMP, his only cognizable allegation of adverse employment action, took place under circumstances from which one can infer discrimination based on race or national origin. Accordingly, plaintiff's racial and national origin discrimination claim must be dismissed.

### Plaintiff's Retaliation Claim Post-Dating February 5, 2008

Plaintiff asserts one retaliation claim that is not time-barred. Plaintiff claims that in the winter and spring of 2008 his supervisors took discriminatory administrative and supervisory

---

comments alleged in plaintiff's amended complaint occurred before February 5, 2008. (See Pl.'s Am. Compl. ¶¶ 20, 21, 64, 106).

7

actions against plaintiff. Plaintiff alleges that he filed an internal EEO complaint in or around June of 2008. Plaintiff contends that in August and September of 2008, in retaliation for his June EEO complaint, defendants Carbine and Aragon signed documents that contained erroneous information concerning plaintiff's work performance in order to transfer plaintiff to another division. On September 8, 2008, plaintiff was transferred to the Division of Alternative Management ("DAMP"). Plaintiff contends the retaliatory transfer to DAMP constituted a demotion.

Magistrate Judge Katz properly determined that plaintiff sufficiently stated a claim for unlawful retaliation based his September 8, 2008 transfer and demotion. To establish a prima facie claim of unlawful retaliation the plaintiff must show: (1) that he participated in protected activity; (2) that the employer-defendant was aware of the protected activity; (3) that he suffered an adverse employment action; and (4) that there existed a causal connection between the adverse action and the employee-plaintiff's protected activity. See Barkley v. Penn Yan Central Sch. Dist., 442 F. App'x 581, No. 09-3975-cv, 2011 WL 3890442, at *2 (2d Cir. 2011); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996); Hollander v. American Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990). "[C]ausation may be demonstrated either indirectly, 'by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees [] engaged in similar conduct,' or directly, 'through evidence of retaliatory animus directed against the plaintiff by the defendant.'" Barkley, 442 F. App'x 581, 2011 W: 3890442, at *3 (quoting Gordon v. N.Y.C. bd. Of Educ., 232 F.3d 111, 117 (2d Cir. 2000).

Here, plaintiff's alleged filing of a June 2008 EEO complaint qualifies as protected activity. Plaintiff has also established defendants' subsequent awareness of his EEO complaint.

8

Specifically, he alleges that defendant Carbine was interviewed in July 2008 as part of the EEO investigation of plaintiff's complaint. Plaintiff also satisfied the adverse employment action requirement by alleging that his transfer to DAMP constituted a demotion. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (Title VII prohibits an employer from taking action that "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006))); Galayba v. New York City Bd. Of Educ., 202 F.3d 636, 641 (2d Cir 2000) ("[A] transfer is an adverse employment action if it results in a change in responsibilities so significant as to constitute a setback to the plaintiff's career.").

Plaintiff also sufficiently alleges the causation requirement. Plaintiff filed his EEO complaint in or around June 2008. He further alleges that his supervisor became aware of his EEO complaint no later than July when he was interviewed as part of the investigation. He also alleges that in August and September, his supervisors signed documents providing erroneous information to effectuate his transfer and demotion. He alleges that he was notified of his transfer to DAMP on September 8, 2008. See Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action."). Plaintiff's transfer to DAMP therefore gives rise to a timely and plausible retaliation claim under Title VII.

Defendants contend that plaintiff fails to meet the temporal proximity requirement necessary to establish causation. Specifically, defendants argue that "many courts in this circuit have held that periods of two months or more defeat an inference of causation." (Def.'s Objections, 4, Nov. 28, 2011) (quoting Ragin v. E. Rampo Cent. Sch. Dist., No. 05 Civ. 6496,

2010 WL 1326779, at *24 (S.D.N.Y. Mar. 31, 2010). While that may be true, this circuit has also held that periods *longer* than two months may support an inference of causation. See Espinal v. Goord, 554 F.3d 216, 228 (2d Cir. 2009) (finding the passage of six months between the dismissal of plaintiff's lawsuit and an allegedly retaliatory act sufficient to support an inference of a causal connection); Cioffi v. Averill Park Cent. School Dist. Bd. Of Educ., 444 F.3d 158, 167-168 (2d Cir. 2006) (finding a period just over three months close enough in time to establish an inference of causation); Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 555 (2d Cir. 2001) (finding four to five months between protected activity and adverse employment action sufficient temporal proximity to establish causation). Additionally, the Second Circuit has not created a bright-line rule for temporal proximity sufficient to establish an inference of causation. In any event, plaintiff's alleged sequence of events does not clearly establish a period longer than two months between the awareness of his EEO complaint and the alleged conduct in furtherance of the adverse employment action. Accordingly, plaintiff has sufficiently set forth the causation requirement.

Magistrate Judge Katz correctly concluded that plaintiff's retaliation claim based on his September 8, 2008 transfer to DAMP survives defendants' motion to dismiss.

## CONCLUSION

This Court adopts the Report and Recommendation of Magistrate Judge Katz in its entirety. Defendants' motion is GRANTED dismissing: (1) plaintiff's emotional distress claim; (2) plaintiff's discrimination claims against individual defendants Bosnick, Aragon, Carbine, and Griffin; (3) plaintiff's race and national origin discrimination claims against the HPD; and (4) plaintiff's retaliation claims prior to February 5, 2008. Defendants' motion to dismiss is DENIED with respect to plaintiff's retaliation claim against HPD based on his alleged transfer and demotion.

Dated: February 9, 2012
         New York, New York

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge